FILED at 11:35 AM
8/4 , 20 20
E.R.S.
Courtroom Deputy
U.S. District Court
Middle District of Georgia

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIM. NO. 1:18-CR-58 (LAG) |
| vs. | : |
| | : |
| LESLIE MEYERS, II, | : |
| a/k/a "LES MEYERS" | : |
| | : |
| **Defendant** | : |
| | : |

### PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorneys, and Leslie Meyers, II, a/k/a "Les Meyers," hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Superseding Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his understanding of the Government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' proof, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf, but that

1

Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States and Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing, the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to a trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A)     **Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Counts One through Five of the Superseding Indictment, which charge Defendant with, respectively, conspiracy to violate the Animal Welfare Act, Title 7, United States Code, Section 2156, in violation of Title 18, United States Code, Section 371 (Count One); transporting and delivering dogs for purposes of having the dogs participate in an animal fighting venture in violation of Title 7, United States Code, Section 2156(b) (Counts Two and Three); sponsoring and exhibiting a dog in an animal fighting venture in violation of Title 7, United States Code, Section 2156(a)(1) (Count Four); and possessing a firearm after having**

2

been convicted of a crime punishable by one year or more in prison, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Count Five).

(B)     That Defendant fully understands that **Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant on each of Counts One through Four to**

- **a maximum sentence of five years' imprisonment,**
- **a maximum fine of $250,000.00, or both; and**
- **a term of supervised release of three years; and**
- **a mandatory assessment of $100.00;**

**and on Count Five to**

- **a maximum sentence of ten years' imprisonment,**
- **a maximum fine of $250,000.00, or both; and**
- **a term of supervised release of three years; and**
- **a mandatory assessment of $100.00.**

(C)     Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the Government, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the Government, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in the Presentence Investigative Report and found by the Court to be the correct guideline range.

(D)     Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigative Report has been completed. Defendant understands and has discussed with

Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigative Report and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the Presentence Investigative Report or the Court's rulings thereon will not be grounds for withdrawal of the plea of guilty.

(E)  Defendant understands and has discussed with Defendant's attorney that after the Court determines the applicable guideline range of this case, the Court has the authority under certain circumstances to impose a sentence that is more severe or less severe than the sentence called for by the guidelines.

(F)  Defendant agrees to make arrangements at the time of sentencing for payment of the mandatory assessment.

(G)  **Waiver of Appeal Rights and Right of Collateral Attack:**

Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28, United States Code, Section 2241.

4

Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence.

Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in Title 18, United States Code, Section 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(H)   Defendant and the Government stipulate and agree that there was no detected or identified human biological evidence obtained during the investigation and prosecution of the matter which remains subject to DNA testing. Defendant hereby surrenders and abandons any right, title, and interest he may have in any and all property that was seized from 340 Sam Hill Dog Leg Road in Leslie, Georgia, or from within vehicles impounded from that location, on or about January 21, 2017. Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed, retained by the Government for educational or training purposes, or returned to its rightful owner.

(I)   Defendant further waives, releases, and withdraws any claim Defendant has made, may have made, or may make in the future to such property, or with regard to any dogs seized from 340 Sam Hill Dog Leg Road in Leslie, Georgia, or from any vehicles thereupon, on or about

5

January 21, 2017, or from Defendant's residence in Camilla, Georgia, on or about September 13, 2018, in any proceeding or matter of any kind, whether federal, state, or local, criminal, civil, administrative, or regulatory, including matters relating to the custody, adoption, and other disposition of animals by animal control, veterinarians, animal cruelty prevention organizations, animal shelters, and similar organizations.

(J) If the sentencing court imposes a term of supervised release or probation, the parties agree that such term of supervised release or probation should include the condition that Defendant not own or possess any dogs during the term of supervised release or probation, including through a third party.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A) That the Government will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States at the time of Defendant's guilty plea, which might have been brought solely in this district against Defendant.

(B) If Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Federal Sentencing Guidelines, the United States will recommend to the Court that Defendant receive an appropriate adjustment for such acceptance. It is entirely within the Court's discretion whether or not Defendant would be entitled to any reduction based upon an acceptance of responsibility. The United States expressly reserves its right to furnish to the Court information, if any, showing that Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(C)  **The Government agrees to recommend to the Court a sentence of no greater than seventy-two months.**

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written, or, in its discretion with the aid of the Presentence Investigative Report, determine the facts relevant to sentencing.

Subject to the above paragraph, the United States and Defendant stipulate and agree that the Government could prove the following beyond a reasonable doubt:

Defendant has used the nickname "Les Meyers."

On or about January 15-16, 2017, Defendant exchanged text messages with Orlando Johnson, a/k/a "OJ," a/k/a "Juice," in which Meyers advertised 29-pound and 37-pound fighting



7

dogs for "4500," and sent a video of a dog fight which purported to feature the 37-pound fighting dog.

On or about January 21, 2017, Defendant traveled by automobile from Florida to Leslie, Georgia, with two pit bull-type dogs. Defendant checked into a Local Knight's Inn motel. Defendant left one dog in the local Knight's Inn motel. This dog was to be offered for sale. Defendant brought another dog, a tan dog to the fight. The defendant handled a tan dog in the first dog fight event, against an opponent who handled a black and white dog named "Willie." The dog fight lasted approximately 45 minutes. Defendant's dog was declared the winner of the match.

The participants in the second dog fight of the event were getting ready to exhibit their dogs in a dog fight when law enforcement arrived and disrupted the event, at which point Defendant fled from the location. (The tan dog which Meyers fought in the first fight was found dead by law enforcement when they disrupted the event.)

On or about March 27, 2000, Defendant was convicted in the United States District Court of the Virgin Islands of unlawful dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D), a crime punishable by one or more years in prison.

On or about January 21, 2017, Defendant, knowing of this conviction, knowingly possessed one .45 caliber pistol, said pistol having been manufactured in the Philippines and shipped and transported in interstate and foreign commerce. This pistol was found under the passenger's seat of the PT Cruiser which the defendant had driven from Tallahassee to Leslie, Georgia.

Agents recovered equipment used to prepare dogs for dog fighting at the location of the January 21, 2017, dog fight, and in the vehicle Defendant drove to the dog fight from Tallahassee, Florida to Leslie, Georgia. In the defendant's PT Cruiser, which the defendant had just driven from Florida to Georgia, law enforcement officers found the following items: the pistol referred to in

8

count five; Dexamethasone, a prescription veterinary medication manufactured in St. Joseph, Missouri; gauze wrap; 500 ml of injectable sodium chloride, a skin stapler, syringes and other veterinary supplies.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 4th day of August, 2020

CHARLES E. PEELER
UNITED STATES ATTORNEY

BY: _____
JIM CRANE
ASSISTANT UNITED STATES ATTORNEY

BY: _____
ETHAN EDDY
TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
ENVIRONMENT AND NATURAL RESOURCES DIV.

I, Leslie Meyers, II, have read this agreement and had this agreement read to me by my attorney, Erin Pinder. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

_____
LESLIE MEYERS, II
DEFENDANT

I, Erin Pinder, attorney for Defendant Leslie Meyers, II, have explained the Superseding Indictment and the Government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charges against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_____
Erin Pinder
Attorney for Defendant Leslie Meyers, II

10